## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**JAMES WILLIAMS**, *Individually,*
*and on behalf of himself and other similarly*
*situated current and former employees*,

      Plaintiff,

v.                                                                    NO. _____

**EASLEY TRANSPORTATION, LLC,**                **FLSA Opt-In Collective Action**
*a Tennessee Limited Liability Company*              **JURY DEMANDED**

      Defendant.

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiff, James Williams ("Plaintiff"), individually, and on behalf of himself and all other similarly situated hourly-paid trucking employees as a class, brings this Fair Labor Standards Act ("FLSA") collective action against Easley Transportation, LLC ("Defendant") and states as follows:

## I.      <u>INTRODUCTION</u>

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated hourly-paid trucking employees as defined herein.

2. Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay, as required by the FLSA.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

1

## II.     PARTIES

4.      Defendant, Easley Transportation, LLC., is a Tennessee Limited Liability Company with

its principal address located at 4300 Air Trans Road, Memphis, Tennessee 38118.

5.      Plaintiff Williams has been employed by Defendant as an hourly-paid trucking employee

within this district at all times material to this collective action. Plaintiff Williams'

"Consent to Join" form is attached as *Exhibit A*.

## III.     JURISDICTION AND VENUE

6.      This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201

*et seq.*

7.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant has

conducted business in this district and Plaintiff was employed by and performed work for

Defendant in this district during all times material to this action.

## IV.     CLASS DESCRIPTION

8.      Plaintiff brings this action on behalf of himself and the following similarly situated persons

as a class:

> All current and former hourly-paid trucking employees of Defendant
> (Easley Transportation, LLC) working in the United States during the
> applicable limitation's period (*i.e.* two (2) years for FLSA violations and
> three (3) years for willful FLSA violations) up to and including the date of
> final judgment in this matter, including the Named Plaintiff and those who
> elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b).
> (Collectively, "the class").

## V.     COVERAGE

9.      At all times hereinafter mentioned, Defendant has been an "employer" within the meaning

of 29 U.S.C. § 203(d).

10.      Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29

U.S.C. § 203(r) at all times mentioned hereinafter.

11.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12.     Plaintiff and similarly situated hourly-paid trucking employees, as employees of Defendants, were engaged in commerce during all times material to this collective action.

13.     At all times material to this action, Defendant has been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

## VI.     FACTUAL ALLEGATIONS

14.     Defendant is a transportation and logistics company with operations in Memphis, Tennessee and Atlanta, Georgia.

15.      Plaintiff Williams was employed by and worked for Defendant out of its Memphis, Tennessee hub.

16.     Defendant established and administered the pay practices of Plaintiff and similarly situated hourly-paid trucking employees during the three (3) years preceding the filing of this collective action.

17.     Plaintiff and those similarly situated routinely worked and performed work for Defendant in excess of forty (40) hours per week within weekly pay periods during the three (3) years

preceding the filing of this collective action complaint.

18.   At all times material to this action, Defendant has had a time keeping system for the purpose of recording the compensable hours worked by Plaintiff and similarly situated hourly-paid trucking employees.

19.   Plaintiff and those similarly situated only were paid an hourly rate of pay from the beginning of their "clock-in" time into Defendant's time keeping system until they "clocked-out" of its time keeping system.

20.    Defendant had had a common plan, policy and practice of automatically "editing-out/deducting" a thirty (30) minute meal period during each work shift of Plaintiff and other similarly situated hourly-paid trucking employees, irrespective of whether they performed job duties during such "edited-out/deducted" thirty (30) minute meal periods.

21.    Plaintiff and those similarly situated were required, forced, expected, induced, encouraged and/or, suffered and permitted, to work or were not fully relieved of their job duties, during such thirty (30) minute unpaid meal periods within weekly pay periods during all times material.

22.   Plaintiff and similarly situated hourly-paid trucking employees performed work during such thirty (30) minute unpaid meal periods and/or were not fully relieved of their job duties during such thirty (30) minute unpaid meal periods within weekly pay periods during all times material, without being compensated by Defendant at the applicable FLSA overtime rates of pay for such "edited-out/deducted" thirty (30) minute unpaid meal periods.

23.   Defendant failed to "edit-in" Plaintiff and similarly situated hourly-paid trucking employees' uncompensated thirty (30) minute meal periods into its time keeping system or

otherwise compensate them for such unpaid meal times.

24. Defendant also had a common plan, policy and practice or requiring, forcing, inducing, expecting, encouraging and/or, suffering and permitting, Plaintiff and similarly situated hourly-paid trucking employees to perform work that was an integral and indispensable part of their job duties before "clocking-in" to its time keeping system, without compensating them for such "off-the-clock" work at the applicable FLSA overtime rates of pay during all times material to this collective action.

25. Plaintiff and similarly situated hourly-paid trucking workers did perform such "off-the-clock" work that was an integral and indispensable part of their job duties prior to the beginning of their scheduled shifts within weekly pay periods during all times material without being compensated for such "off-the-clock" work time at the applicable FLSA overtime rates of pay.

26. Such pre-shift "off-the-clock" work time consisted of such job functions, *inter alia*, as:

(a) Pre-tripping vehicles as required by company policy and in accordance with safe business practices;

(b) Inspecting all gauges on their respective assigned vehicles to ensure they were functioning properly;

(c) Checking all fluids and fuel to ensure they were adequate filled.

(d) Checking tires on their respective assigned trucks to ensure they were in good repair and properly inflated; and,

(e) Starting and warming-up their respective assigned trucks to be ready for the day's work.

27. The aforementioned unpaid "edited-out/deducted" meal period and "off-the-clock" wage

5

claims of Plaintiff and similarly situated hourly-paid trucking employees are unified through common theories of Defendant's FLSA statutory violations.

28.     Defendant also had a common plan, policy and practice of shifting some of the compensable overtime wages earned by Plaintiff and those similarly situated in certain weekly pay periods into subsequent weekly pay periods in order to avoid paying overtime compensation at one and one-half times the regular hourly rate of pay for such shifted overtime hours during all times material to this action.

29.      Plaintiff and those similarly situated had some of their overtime wages shifted from the weekly pay periods in which they were earned to a subsequent weekly pay period without receiving overtime compensation at one and one-half times their regular hourly rate of pay in the weekly pay period such overtime wages were earned.

30.     Defendant's common plan, policy and practice of not compensating Plaintiff and class members for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

31.     Defendant's failure to compensate Plaintiff and those similarly situated for such unpaid thirty (30) minute meal periods when they performed job duties and/or were not fully relieved of their job duties, as well as their failure to compensate them for their aforementioned unpaid "off-the-clock" work times and the unlawful shifted overtime wages into subsequent weekly pay periods, was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

32.     As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other

damages.

33. Defendant is unable to bear its burden of showing Plaintiff and class members were within any of the FLSA overtime exemptions within weekly pay periods during all times material, given the "small vehicle" and the "four-month interval" exceptions to the Motor Carrier Exemption. Plaintiff and class members routinely drove vehicles that classify as "small vehicles" under the Motor Carrier Exemption, such as sprinter vans and small box trucks.

34. The net effect of Defendant's common plan, policy, and practice of practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) during all times material to this collective action, is that it unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings this case as a collective action on behalf of himself and class members pursuant to 29 U.S.C. § 216(b) to recover from Defendant unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other related damages.

36. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a centralized time keeping and pay system, as previously described, that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

37. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class and similarly subjected to Defendant's

aforementioned unlawful time keeping and compensation plans, policies and practices.

38. Plaintiff and class members are similarly situated because their aforementioned unpaid "edited-out/deducted" meal period wage claims are unified through a common theory of Defendant's FLSA violations.

39. Plaintiff and class members are similarly situated because their aforementioned unpaid "off-the-clock" wage claims are unified through a common theory of Defendant's FLSA violations.

40. Plaintiff and class members are similarly situated because their aforementioned unpaid "shifting overtime wage" claims are unified through a common theory of Defendant's FLSA violations.

41. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

42. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e., to pursue their aforementioned unpaid overtime compensation claims.

43. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

44. Defendant knew Plaintiff and class members performed compensable work and were not fully relieved of their job duties during automatically "edited-out/deducted" thirty (30)

minute meal breaks that resulted in excess of forty (40) hours per week within weekly pay periods and required overtime compensation to be paid. Nonetheless, Defendant operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

45. Defendant knew Plaintiff and class members' aforementioned "off-the-clock" time was compensable. Nonetheless, Defendant operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

46. Defendant's conduct and actions, as alleged herein, were willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damages to Plaintiff and the collective class.

47. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

48. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime.

49. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

50. Plaintiff estimates there are more than seventy-five (75) putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

51.     Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's hubs.

52.     Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

53.     Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

54.     At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

55.     Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

56.     At all times material, Defendant was an "employer" of Plaintiff and each class members, as such term is defined by the FLSA.

57.     Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

58.     Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

59.     As a result of Defendant's aforementioned common plan, policy and practice of automatically "editing-out/deducting" thirty (30) minute meal break periods of Plaintiff and class members during which times they performed work and/or were not fully relieved of their job duties and, thereby failing to compensate them for such time at the applicable

10

FLSA overtime compensation rates of pay, Defendants have violated the FLSA and are liable to them for such unpaid overtime compensation.

60.    Likewise, as a result of Defendant's aforementioned common plan, policy and practice of requiring, inducing, expecting, encouraging and/or, suffering and permitting, Plaintiff and class members to perform work prior to "clocking-in" to its time keeping system, without compensating them for such time at the applicable FLSA overtime compensation rates of pay, Defendant has violated the FLSA and is liable to them for such unpaid "off-the-clock" overtime compensation.

61.    In addition, as a result of Defendant's aforementioned common plan, policy and practice of shifting overtime wages of Plaintiff and class members earned within a weekly pay period to a subsequent weekly pay period during all times material, Defendant has violated the FLSA and is liable to them for such unpaid "shifted" overtime compensation.

62.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

63.    Through its actions, plans, policies and practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

64.    Defendant's conduct and actions were willful with reckless disregard to clearly applicable

FLSA provisions.

65.    Defendant's conduct and actions were not based on good faith.

66.    The aforementioned unpaid "edited-out/deducted" overtime wage claims of Plaintiff and the class are unified through a common theory of Defendant's FLSA violations.

67.    The aforementioned unpaid "off-the-clock" overtime wage claims of Plaintiff and the class are unified through a common theory of Defendant's FLSA violations.

68.    As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

69.    Therefore, Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a)    Award Plaintiff and class members all unpaid overtime compensation against Defendant;

b)    Award Plaintiff and class members for an amount equal to their unpaid overtime compensation, pursuant to the applicable FLSA wage and overtime rates of pay;

c)    Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

d)    Award Plaintiff and class members liquidated damages in accordance with the FLSA;

e)    Award prejudgment interest (to the extent that liquidated damages are not awarded);

f)    Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

g) Award post-judgment interest and court costs as allowed by law;

h) Enter an Order designating this action as an opt-in collective action under the FLSA;

i) Enter an Order directing the issuance of notice to putative class members pursuant to 29

U.S.C. § 216(b) for the claims of the class;

j) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

k) Provide additional general and equitable relief to which Plaintiff and class members may

be entitled; and

l) Provide further relief as the Court deems just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: December ___, 2020.                    Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT**
**OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***
***AND FOR OTHERS SIMILARLY***
***SITUATED***