FLSA SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into between James Williams ("Williams"), on behalf of himself and on behalf of Opt-in Plaintiffs, Santobia Moore, Thomas Payton, Orlando Jackson, John Brown, Jermaine Tucker, Leroy Wright, Sr., Kirk Harris, Jonathan Coplon, Glenn A. Williams, Eldraco Wooten, Sr., Eddie Daniel, , and Anthony Jones, Jr. (the "Opt-in Plaintiffs"), and Travis Tutwiler ("Tutwiler") (collectively, Williams, the Opt-in Plaintiffs and Tutwiler are referred to herein as "Plaintiffs"), and Easley Transportation, LLC ("Easley" or "Defendant") (collectively the Plaintiffs and Defendant are referred to herein as the "Parties").

WHEREAS, Williams filed his Complaint in the United States District Court for the Western District of Tennessee, Western Division, captioned *James Williams, Individually and on behalf of other similarly situated current and former employees, v. Easley Transportation, LLC*, Case No. 2:20-CV-02952-TLP-atc, which was brought as a putative Fair Labor Standards Act ("FLSA") wage and hour collective action against Defendant (the "Williams Lawsuit");

WHEREAS, Tutwiler filed his Complaint in the United States District Court for the Western District of Tennessee, Western Division, captioned *Travis Tutwiler v. Easley Transportation, LLC*, Case No. 2:21-cv-02611-TLP-atc, which was brought as an FLSA wage and hour action against Defendant (the "Tutwiler Lawsuit");

WHEREAS, Williams and Opt-in Plaintiffs Thomas Payton, Orlando Jackson, John Brown and Santobia Moore also filed Discrimination Charges against Easley with the Equal Employment Opportunity Commission (the "EEOC Charges") (with respect to the EEOC Charges, Williams, Thomas Payton, Orlando Jackson, John Brown and Santobia Moore are collectively referred to as the "Charging Parties");

WHEREAS, Easley denied, and continues to deny, the allegations raised in the Williams Lawsuit, the Tutwiler Lawsuit, and the EEOC Charges; and

WHEREAS, the Parties mutually desire to resolve any and all disputes relating to the subject matter of the Williams Lawsuit, Tutwiler Lawsuit and the EEOC Charges.

Subject to the approval of the United States District Court for the Western District of Tennessee (if necessary) Plaintiffs and Defendants agree as follows:

1. Total Settlement Amount.

    In connection with this FLSA Settlement Agreement, Defendant will pay a total settlement amount of Forty-Three Thousand, Nine Hundred Twenty-Eight Dollars and Eighty-Eight Cents ($43,928.88) ("Total Settlement Amount") to resolve any unpaid overtime claims. The Total Settlement Amount shall be used to pay:

    a. Settlement payments to Plaintiffs as provided in Appendix 1 of this Agreement ("Individual Payments") in the total amount of Twenty-Two Thousand, One

Hundred and Ninety-Nine Dollars and Twenty-Five Cents ($22,199.25) Each Plaintiff's Individual Payment shall be delivered to Plaintiff's Counsel as follows:

i. Each Plaintiff's Individual Payment will represent each Plaintiff's alleged unpaid overtime and alleged liquidated damages. Defendant continues to deny that Plaintiffs are entitled to any money, pay or damages at all under the FLSA since Defendant maintains all Plaintiffs were exempt under the Motor Carrier Exemption to the FLSA and in any event all Plaintiffs were paid at the appropriate overtime rate for any hours worked in any workweek over 40 hours. Defendant will issue to each Plaintiff an IRS Form 1099 reflecting this payment.

ii. At Defendant's option, the back of each check to Williams and each of the Opt-in Plaintiffs may contain the following limited endorsement:

I agree to release all Fair Labor Standard Act claims, and any parallel state wage claims that were brought, or could have been brought, in the action *James Williams, Individually and on behalf of other similarly situated current and former employees, v. Easley Transportation, LLC,* including claims for minimum wage, overtime, liquidated damages, penalties, attorneys' fees and costs, arising during the three years prior to when my consent to join the Williams Lawsuit was filed through the effective date of the Settlement Agreement.

iii. At Defendant's option, the back of the check to Tutwiler may contain the following limited endorsement:

I agree to release all Fair Labor Standard Act claims, and any parallel state wage claims that were brought, or could have been brought, in the action *Travis Tutwiler, v. Easley Transportation, LLC,* including claims for minimum wage, overtime, liquidated damages, penalties, attorneys' fees and costs, arising during the three years prior to when the Tutwiler Lawsuit was filed through the effective date of the Settlement Agreement.

b. Twenty-Six Thousand, Seven Hundred and Twenty-Nine Dollars and Sixty-Three Cents ($26,729.63) to Plaintiffs' Counsel for attorneys' fees, costs, and litigation expenses ($21,729.63 in fees and $5,000.00 in expenses). Defendant will issue to Plaintiffs' Counsel an IRS Form 1099 reflecting this payment. This amount allocated for attorneys' fees is also set to compensate Plaintiffs' Counsel for the resolution of the 5 EEOC charges.

c. Under no circumstances will Defendant's liability exceed the Total Settlement Amount. Plaintiffs shall be solely responsible for the reporting and payment of any taxes on payments received or paid on their behalf pursuant to this Agreement.

2. <u>Release</u>.

    a. In consideration for the benefits set forth in Paragraph 1 of this Agreement, Opt-in Plaintiffs fully and forever waive, release, surrender, acquit, and discharge Defendant, including its current and former directors, officers, members, attorneys, employees, representatives, insurers, reinsurers, successors and assigns (collectively, the "Released Parties") from all FLSA claims, and any parallel state wage claims that were brought, or could have been brought in the Williams Lawsuit, arising during the three years prior to when each Opt-in Plaintiff's consent to join the Williams Lawsuit was filed through the effective date of the settlement of the Williams Lawsuit. Further, in exchange for additional valuable consideration provided by Easley, Opt-in Plaintiffs Moore, Payton, Orlando Jackson, and Brown. hereby fully and finally waive and release Easley from any and all complaints, claims, liabilities, agreements, causes of action, rights, damages, costs, and expenses (including attorneys' fees and costs actually incurred) of any and every nature whatsoever, whether in law or in equity, both known and unknown, which he might otherwise have against Easley. Without limiting the generality of the foregoing, this waiver and release includes any claims regarding any aspect of the Opt-in Plaintiffs' employment with Easley, the termination of or resignation from employment, the Opt-in Plaintiff's other contacts and relations to date with Easley, and any other matter arising through the date of this Agreement. This waiver also applies to any rights or claims Opt-in Plaintiffs Moore, Payton, Orlando Jackson, and Brown could possibly bring against Easley under the following laws or legal theories:

- Title VII of the Civil Rights Act;
- The Civil Rights Act of 1991;
- The Employee Retirement Income Security Act;
- The Rehabilitation Act;
- The Americans with Disabilities Act;
- The National Labor Relations Act;
- The Family and Medical Leave Act;
- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Occupational Safety and Health Act;
- The Environmental Protection Act;
- The Tennessee Human Rights Act;
- The Tennessee Handicap Act;
- wrongful, retaliatory or tortious discharge;
- breach of implied or express contract;
- breach of covenant of good faith and fair dealing;
- promissory or equitable estoppel;
- wrongful termination in violation of public policy or retaliatory discharge;
- invasion of privacy, negligence, defamation, outrageous conduct;
- intentional or negligent infliction of emotional distress;

- any other federal, state, or local constitution, statute, law, ordinance, or regulation of any kind; and
- any other common law cause of action of any kind.

**The Opt-in Plaintiffs understand and agree that the foregoing provisions are to be interpreted broadly in favor of Easley in order to protect Easley from litigation and/or arbitration initiated by the Opt-in Plaintiffs.**

b. In consideration for the benefits set forth in Paragraph 1 of this Agreement, Williams, for himself and his dependents, executors, agents, administrators, and representatives of every kind, fully and forever waives, releases, surrenders, acquits, and discharges the Released Parties from any and all of his rights, actions, demands, interests, claims and costs (including attorneys' fees) of any nature whatsoever, in law or in equity, whether known or unknown, disputed or undisputed, arising out of or under, or by reason of any matter whatsoever, from the beginning of time through and including the date that Williams executes this Agreement, including, without limitation, any and all claims or rights that Williams has had or may now have, whether known or unknown, disputed or undisputed, in any way related to or arising out of or in connection with any alleged violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, during his employment with Defendant. Further, in exchange for the valuable consideration provided by Easley, Williams hereby fully and finally waives and releases Easley from any and all complaints, claims, liabilities, agreements, causes of action, rights, damages, costs, and expenses (including attorneys' fees and costs actually incurred) of any and every nature whatsoever, whether in law or in equity, both known and unknown, which he might otherwise have against Easley to date. Without limiting the generality of the foregoing, this waiver and release includes any claims regarding any aspect of Williams' employment with Easley, his termination of or resignation from employment, Williams other contacts and relations to date with Easley, and any other matter arising through the date of this Agreement. This waiver also applies to any rights or claims Williams could possibly bring against Easley under the following laws or legal theories:

- Title VII of the Civil Rights Act;
- The Civil Rights Act of 1991;
- The Employee Retirement Income Security Act;
- The Rehabilitation Act;
- The Americans with Disabilities Act;
- The National Labor Relations Act;
- The Family and Medical Leave Act;
- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Occupational Safety and Health Act;
- The Environmental Protection Act;
- The Tennessee Human Rights Act;
- The Tennessee Handicap Act;

- wrongful, retaliatory or tortious discharge;
- breach of implied or express contract;
- breach of covenant of good faith and fair dealing;
- promissory or equitable estoppel;
- wrongful termination in violation of public policy or retaliatory discharge;
- invasion of privacy, negligence, defamation, outrageous conduct;
- intentional or negligent infliction of emotional distress;
- any other federal, state, or local constitution, statute, law, ordinance, or regulation of any kind; and
- any other common law cause of action of any kind.

**Williams understands and agrees that the foregoing provisions are to be interpreted broadly in favor of Easley in order to protect Easley from litigation and/or arbitration initiated by Williams.**

c. In consideration for the benefits set forth in Paragraph 1 of this Agreement, Tutwiler, for himself, his executors, agents, administrators, and representatives of every kind, fully and forever waives, releases, surrenders, acquits, and discharges the Released Parties from all Fair Labor Standards Act claims, and any parallel state wage claims that were brought, or could have been brought in the Tutwiler Lawsuit, arising during the three years prior to the date on which the Tutwiler Lawsuit was filed through the effective date of the settlement of the Tutwiler Lawsuit.  Further, in exchange for the valuable consideration provided by Easley, Tutwiler hereby fully and finally waives and releases Easley from any and all complaints, claims, liabilities, agreements, causes of action, rights, damages, costs, and expenses (including attorneys' fees and costs actually incurred) of any and every nature whatsoever, whether in law or in equity, both known and unknown, which he might otherwise have against Easley to date.  Without limiting the generality of the foregoing, this waiver and release includes any claims regarding any aspect of Tutwiler's employment with Easley, the termination of or resignation from employment, Tutwiler's other contacts and relations to date with Easley, and any other matter arising through the date of this Agreement.  This waiver also applies to any rights or claims the Released Parties could possibly bring against Easley under the following laws or legal theories:

- Title VII of the Civil Rights Act;
- The Civil Rights Act of 1991;
- The Employee Retirement Income Security Act;
- The Rehabilitation Act;
- The Americans with Disabilities Act;
- The National Labor Relations Act;
- The Family and Medical Leave Act;
- The Age Discrimination in Employment Act;
- The Older Workers Benefit Protection Act;
- The Occupational Safety and Health Act;
- The Environmental Protection Act;

5

- The Tennessee Human Rights Act;
- The Tennessee Handicap Act;
- wrongful, retaliatory or tortious discharge;
- breach of implied or express contract;
- breach of covenant of good faith and fair dealing;
- promissory or equitable estoppel;
- wrongful termination in violation of public policy or retaliatory discharge;
- invasion of privacy, negligence, defamation, outrageous conduct;
- intentional or negligent infliction of emotional distress;
- any other federal, state, or local constitution, statute, law, ordinance, or regulation of any kind; and
- any other common law cause of action of any kind.

**Tutwiler understands and agrees that the foregoing provisions are to be interpreted broadly in favor of Easley in order to protect Easley from litigation and/or arbitration initiated by Tutwiler.**

d. In consideration for the benefits set forth in Paragraph 1 of this Agreement, the Charging Parties each agree to enter into a Settlement Agreement and Release (the "Charging Party Settlement Agreements") releasing any and all legal claims to date each may have against Easley, specifically including, but not limited to, the claims brought, or which could have been brought in their respective EEOC Charges. Execution of the Charging Party Settlement Agreements by each of them is a term and condition required by Easley for the consideration and benefits paid herein.

3. Settlement Timeline.

    a. Once this Agreement and the Charging Party Settlement Agreements become fully enforceable, the Parties will jointly move the Court for an entry of an Order of dismissal, or for an Order approving the settlement as set forth in this Agreement (if deemed necessary by the Court), to effectuate its terms, and to dismiss the Williams Lawsuit and Tutwiler Lawsuit with prejudice. Upon entry of the Court's Order, the Williams Lawsuit and the Tutwiler Lawsuit shall each be dismissed with prejudice and final judgments shall be entered in the respective lawsuits.

    b. The Parties agree that within twenty-one (21) days after the date the Court enters an Order approving this Agreement, Defendant will mail to Plaintiffs' Counsel the checks representing the Total Settlement Amount as set forth in Paragraph 1 of this Agreement. Plaintiffs' Counsel will be responsible for the delivery of the checks to Plaintiffs upon their receipt from Defendant. Any checks that become lost or void during the six months' period after the initial distribution will be void.

4. No Publicity.

    The Parties agree that neither they nor their Counsel will, directly or indirectly, publish, publicize, or disseminate, the terms of this Agreement. Toward this end, Plaintiffs and

their Counsel agree not to post or otherwise disclose the terms of this Agreement on the Internet or any other paper or electronic media outlet (including but not limited to news organizations' websites, newspapers, email, blogs, Facebook, Twitter, *etc*.). Notwithstanding the foregoing, the Parties may state, if asked, that "the matter is concluded" or "it is over" (or words to that effect).

5. Parties' Authority.

    The respective signatories to this Agreement represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms. When they filed a consent to join, the Opt-in Plaintiffs agreed that they "authorize[d] the prosecution of the above-styled action to recover unpaid wages on [their] behalf by the above- named Representative Plaintiff, to make decisions on [their] behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's Counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit. Tutwiler executes this agreement only on behalf of himself. Williams executes this Agreement on behalf of himself and in his representative capacity in the Williams Lawsuit on behalf of the Opt-in Plaintiffs. Furthermore, by executing the Opt-in Consent to Join, Opt-in Plaintiffs designated Williams and Plaintiffs' Counsel as their representatives to make all decisions concerning the method and manner of conducting the Williams Lawsuit including settlement and the release of claims.

6. No Assignment.

    The Parties represent and warrant that they have not directly or indirectly assigned, transferred, or encumbered or purported to assign, transfer or encumber, to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this agreement.

7. No Admission of Liability.

    Nothing contained in this Agreement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant.

8. The Parties understand and agree that this Agreement has been drafted in accordance with the Older Workers Benefit Protection Act of 1990, and the Parties acknowledge compliance with the Older Workers Benefit Protection Act of 1990 and the Age Discrimination in Employment Act of 1967, as amended.

9. **The Plaintiffs are hereby advised and encouraged to consult with an attorney before signing this Agreement.** The Plaintiffs have twenty-one (21) calendar days from the date each receives this Agreement in which to consider, accept, and sign this Agreement. This Agreement was provided to the Plaintiffs' counsel on _____, 2022.

10. This Agreement shall not become effective or enforceable until seven (7) calendar days after the date that Williams and Tutwiler sign this Agreement. During this seven (7) day

period, any Plaintiff may revoke this Agreement. If the Plaintiffs do not advise Easley in writing within such seven (7) day period of their intent to revoke this Agreement, this Agreement will become effective and enforceable upon the expiration of the seven (7) days. The payments and benefits offered under the terms of this Agreement will not be paid until the expiration of this seven (7) day period.

11. <u>Entire Agreement</u>.

    This Agreement and the Charging Party Settlement Agreements referenced herein contain the entire agreement between the Parties regarding the settlement among and between the Parties. All prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Williams and Tutwiler lawsuits and the EEOC Charges are void.

12. <u>Written Amendments Only</u>.

    This Agreement cannot be changed, altered or modified, except in writing and signed by the Parties.

13. <u>Binding on Successors and Assigns</u>.

    This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustee, executors, administrators, successors and assigns.

14. <u>Retention of Jurisdiction</u>.

    This Agreement is contingent upon the approval of the Court where the Williams Lawsuit and Tutwiler Lawsuit are pending. The Court shall retain exclusive jurisdiction with respect to the implementation and enforcement of the terms of this Agreement.

15. <u>Severability</u>.

    In the event that any provision or part of any provision of this Agreement is void or unenforceable for any reason whatsoever, then such provision shall be stricken from this Agreement and of no force and effect. However, the remaining provisions of this Agreement shall continue in full force and effect, and to the extent required, shall be modified to preserve their validity.

**Execution by Parties:**

_____                                 Date: _____
TRAVIS TUTWILLER, Individually As a Plaintiff
in the Tutwiler Lawsuit


_____                                 Date: _____
JAMES WILLIAMS, Individually As a Plaintiff and
As the Collective Action Representative in the
Williams Lawsuit and as a Charging Party


**Approved as to form only:**

_____                                 Date: _____
GORDON E. JACKSON, BPR #08323
J. RUSS BRYANT, BPR #33830
ROBERT E. TURNER, IV, BPR #35364
ROBERT E. MORELLI, III, BPR #037004
Jackson, Shields, Yeiser, Holt, Owen & Bryant
262 German Oak Drive
Memphis, Tennessee 38018
Telephone:  (901) 754-8001
Facsimile:  (901) 759-1745
gjackson@jsyc.com
rbryant@ysyc.com
rturner@jsyc.com
rmorelli@jsyc.com

ATTORNEYS FOR PLAINTIFF



EASLEY TRANSPORTATION, LLC


By: _____                                 Date: _____

Position: _____


**Approved as to form only:**

9

Date: _____

_____
JAMES M. SIMPSON, BPR #15023
SIMPSON & LILLIE, PLLC
265 N. Lamar Boulevard, Suite D
Oxford, Mississippi 38655
Telephone: (662) 638-3235
jim@simpsonlillie.com

ATTORNEYS FOR DEFENDANT
EASLEY TRANSPORTATION, LLC

APPENDIX 1

*James Williams, Individually and on behalf of himself and other similarly situated v. Easley Transportation, LLC*

| **Plaintiffs** | **Individual Payment** |
|---|---|
| James Williams | $2,428.88 |
| Santobia Moore | $994.50 |
| Thomas Payton | $700.50 |
| Orlando Jackson | $0.00[1] |
| John Brown | $881.25 |
| Jermaine Tucker | $765.24 |
| Leroy Wright, Sr. | $779.63 |
| Kirk Harris | $288.00 |
| Jonathan Coplon | $236.00 |
| Glenn A. Williams | $1,118.25 |
| Eldraco Wooten, Sr. | $598.50 |
| Eddie Daniel | $180.00 |
| Anthony Jones, Jr. | $1,228.50 |

*Travis Tutwiler v. Easley Transportation, LLC*

| **Plaintiff** | **Individual Payment** |
|---|---|
| Travis Tutwiler | $12,000.00 |

---

[1] Mr. Jackson has no FLSA claims, hence his $0.00 allocation. However, he has been provided consideration for this release via his EEOC Charge settlement.